IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:24-CV-61-KS

| | | |
|---|---|---|
| KIMBERLY NICOLE LISTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FRANK BISIGNANO, Commissioner | ) | |
| of Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision of the Social Security Administration, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Kimberly Nicole Liston ("Plaintiff") filed this action seeking judicial review of the denial of her application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have fully briefed the matter pursuant to the Supplemental Rules for Social Security Actions, and the matter is ripe for decision. Having carefully reviewed the administrative record and the parties' briefs, the court affirms the Commissioner's decision.

## STATEMENT OF THE CASE

Plaintiff protectively filed for DIB and SSI on January 6, 2021, with an alleged onset date of June 3, 2020. (R. 23, 259–64, 274–75.) The application was denied

_____

[1] Frank Bisignano became Commissioner on May 7, 2025, and is therefore substituted as a party pursuant to Fed. R. Civ. P. 25(d).

initially and upon reconsideration, and a request for a hearing was filed. (R. 23, 115–16, 143–44, 190–91.) A video hearing was held on December 7, 2022, before Administrative Law Judge ("ALJ") Teresa Hoskins-Hart, who issued an unfavorable ruling on July 27, 2023. (R. 23–82.) On October 30, 2024, the Appeals Council denied Plaintiff's request for review. (R. 9–15.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff initiated this action on December 17, 2024, seeking judicial review of the final administrative decision.

<u>DISCUSSION</u>

I.      **Standard of Review**

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro*

2

*v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II.    Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981). "If the Commissioner meets

[this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015).

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). (R. 24.) As a preliminary matter, the ALJ found Plaintiff meets the insured status requirements of the Act through December 31, 2023. (R. 26.) At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 3, 2020, the alleged onset date. (*Id.*) Next, the ALJ determined Plaintiff has severe impairments of degenerative disc disease; right knee mild osteoarthritis and ACL reconstruction; obesity with 2016 gastric sleeve bypass; major depressive disorder, recurrent; bipolar II disorder; generalized anxiety disorder; and post-traumatic stress disorder (PTSD), unspecified. (*Id.*)

At step three, the ALJ concluded that Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 27.) The ALJ expressly considered Listings 1.15, 1.16, 1.18, 12.04, 12.06, and 12.15. (R. 27–29.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can perform occasional postural movement but never climb ladders, ropes, or scaffolds; she can occasionally push/pull or operate foot controls with the lower extremities. Also, [Plaintiff] is limited to the ability to understand, remember, and carry out simple instructions and use judgment to make

4

such task-related work decisions. She can sustain concentration, attention, and pace sufficient enough to carry out those instructions for two-hour intervals over the course of a typical eight-hour workday. She can work in occupations requiring only occasional interactions with co-workers, supervisors, and the public. [Plaintiff] can adapt to routine and no more than occasional changes in work setting or work processes and involving no work requiring fast-paced production assembly line work.

(R. 30–31.) In making this assessment, the ALJ stated she considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. §§ 404.1529, 416.929 and SSR 16–3p, and found Plaintiff's statements about the intensity, persistence, and limiting effects of these symptoms "not entirely consistent with the medical evidence and other evidence in the record."(R. 32.) At step four, the ALJ concluded Plaintiff is unable to perform any past relevant work. (R. 38.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely: office helper (DOT #239.567-010), stock checker (DOT #299.667-014), and laundry worker (DOT #302.685-010). (R. 39.) The ALJ concluded Plaintiff has not been disabled under the Act since June 3, 2020. (R. 40.)

## IV.    Plaintiff's Argument

Plaintiff argues that the ALJ failed to resolve apparent conflicts between the jobs relied on at step five and the RFC. (Pl.'s Br. [DE #18] at 4–8.) More specifically, Plaintiff argues the RFC limitation to "simple" instructions is in apparent conflict with the step-five jobs because those jobs require a level-two reasoning level. (*Id.*) The Commissioner argues that the limitation of "simple" instructions and level-two

reasoning does not create an apparent conflict. (Comm'r's Br. [DE #20] at 5–9.) The court agrees with the Commissioner.

An ALJ must independently identify and obtain a reasonable explanation from the vocational expert ("VE") as to any apparent conflicts between the VE's testimony and the DOT before relying on the VE's testimony. *Pearson v. Colvin*, 810 F.3d 204, 209–10 (4th Cir. 2015) (addressing the impact of SSR 00–4p, 2000 WL 1898704 (Dec. 4, 2000)). "An expert's testimony that apparently conflicts with the [DOT] can only provide substantial evidence if the ALJ has received this explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the [DOT]." *Id.* To determine whether an apparent conflict exists requires a comparison of "the DOT's 'express language' with the vocational expert's testimony." *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) (quoting *Pearson*, 810 F.3d at 209).

In *Thomas v. Berryhill*, 916 F.3d 307, 314 (4th Cir. 2019), *as amended* (Feb. 22, 2019), the Fourth Circuit identified an apparent conflict between an RFC limitation to "short, simple instructions" and jobs which require "detailed but uninvolved instructions." *Thomas*, 916 F.3d at 314. In *Lawrence*, the Fourth Circuit clarified that there is "no comparable inconsistency between" a limitation to "simple, routine, repetitive tasks of unskilled work" and "[reasoning l]evel 2's notion of detailed but uninvolved instructions." *Lawrence*, 941 F.3d at 143 (quoting DOT, App. C, 1991 WL 688702 (Jan. 1, 2016) (citation modified)). Therefore, there was no

6

apparent conflict between a limitation to simple, routine, repetitive tasks and jobs requiring reasoning level two. *Id.*

Here, the ALJ determined Plaintiff is "limited to the ability to understand, remember and carry out simple instructions and use judgment to make such task-related work decisions." (R. 31; *see also* 78–80.) The VE testified that a person with that RFC limitation could perform such jobs as office helper, stock checker, and laundry worker. (R. 80; *see also* 39.) The ALJ relied on that testimony. (R. 40.)

This court has previously held that "simple instructions, tasks, or decisions do not create an apparent conflict with jobs the DOT classifies as a reasoning level two." *Turner v. Saul*, No. 5:19-CV-190-D, 2020 WL 3866669, at *10 (E.D.N.C. June 9, 2020), *M. & R. adopted*, 2020 WL 3840510 (E.D.N.C. July 8, 2020); *Dixon v. Kijakazi*, No. 4:21-CV-00033-M, 2022 WL 1096424, at *6 (E.D.N.C. Feb. 1, 2022), *M. & R. adopted*, 2022 WL 2443463 (E.D.N.C. Apr. 22, 2022); *Gilman v. Kijakazi*, No. 7:21-CV-175-M, 2023 WL 2319333, at *8 (E.D.N.C. Jan. 27, 2023), *M. & R. adopted*, 2023 WL 2315382 (E.D.N.C. Mar. 1, 2023); *Woodruff v. Saul*, No. 5:19-CV-24-D, 2019 WL 7560053, at *7 (E.D.N.C. Dec. 9, 2019), *M. & R. adopted*, 2020 WL 119932 (E.D.N.C. Jan. 9, 2020).

Plaintiff's reliance on *Henderson v. Colvin*, 643 F. App'x 273, 277 (4th Cir. 2016), for the proposition that there is an apparent conflict between an RFC limitation to simple instructions and jobs requiring reasoning level two is misplaced. (Pl.'s Br. at 6–7.) *Henderson* relied exclusively on *Pearson* for this proposition. *Henderson*, 643 F. App'x at 277. But *Lawrence* clarified *Pearson*'s holding by

7

explaining it was the limitation to "*short* tasks, instructions, or decisions" that created the apparent conflict. *Lawrence*, 941 F.3d at 143–44 (emphasis added). As the *Lawrence* court explained:

> [D]etailed instructions are, in the main, less correlated with complexity than with length. Instructions often include many steps, each of which is straightforward. Driving directions are a good example: they may prescribe many turns, but the turns are generally easy to make, and the route rarely changes, making the directions simple, routine, and repetitive. Further, there is no conflict between "simple" and "uninvolved" instructions, as both connote instructions that "are not complicated or intricate."

*Id.* (quoting *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010)). Accordingly, the court finds there was no apparent conflict necessitating further explication by the ALJ.

<u>CONCLUSION</u>

For the reasons stated above, the Commissioner's decision is AFFIRMED.

This 5th day of March 2026.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

8